**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| THEODORE WESBY, *et al.* | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 09-0501 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 90, 96 |
| | : | | |
| DISTRICT OF COLUMBIA, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

**GRANTING IN PART AND DENYING IN PART PLAINTIFFS' SUPPLEMENTAL MOTIONS FOR ATTORNEY'S FEES**

**I.  INTRODUCTION**

The Plaintiffs in this case are sixteen individuals who brought a civil rights suit under 42 U.S.C. § 1983 against the District of Columbia and five police officers after they were arrested while attending a party.  This Court granted Plaintiffs' summary judgment motion with respect to Plaintiffs' false arrest and unlawful entry claims against Officers Campanale, Parker, and the District of Columbia.  *See Wesby v. District of Columbia*, 841 F. Supp. 2d 20 (D.D.C. April 9, 2015).  This Court also granted Defendants' cross-motion for summary judgment on all claims against the police officers in their official capacities.  *See id.*  At trial, the jury returned a verdict in favor of the sixteen Plaintiffs, awarding them $680,000 in compensatory damages against Defendants Campanale, Parker, and the District of Columbia.  *See* Jury Verdict, ECF No. 73.  Plaintiffs subsequently filed a motion seeking attorney's fees and costs, which this Court granted.  *See* Order on Pls.' Mot. for Att'y Fees and Costs at 1, ECF No. 86.  In calculating Plaintiffs' fee award of $246,896.25, this Court relied on the hourly rates set forth in the United

States Attorneys' Office ("USAO") *Laffey* Matrix. *See id.* Defendants appealed this fee award, while Plaintiffs did not. *See* Defs.' Notice of Appeal, ECF No. 88.

Defendants also appealed the district court's ruling granting Plaintiffs summary judgment on the false arrest and unlawful entry claims. *See Wesby v. District of Columbia*, 765 F.3d 13 (D.C. Cir. 2015). The U.S. Court of Appeals for the District of Columbia affirmed the district court's grant of summary judgment in favor of Plaintiffs. *See id.* Plaintiffs filed a supplemental motion for attorney's fees under 42 U.S.C. § 1988 and Rule 54 of the Federal Rules of Civil Procedure seeking fees relating to the appeal. *See* Pls.' Suppl. Mot. for Att'y Fees, ECF No. 90.

Defendants then moved for rehearing *en banc* on November 3, 2014. *See* Defs.' Mem. P. & A. Opp'n Pls.' 2d Suppl. Mot. for Att'y Fees and Costs at 1, ECF No. 101 [hereinafter "Defs.' 2d Mem. Opp'n"]. The Court of Appeals denied Defendants' motion for rehearing on February 8, 2016. *See Wesby v. District of Columbia*, 816 F.3d 96 (D.C. Cir. 2016) (order denying Defendants' motion for rehearing *en banc*). Plaintiffs filed a second supplemental motion for attorney's fees for counsel's work relating to the *en banc* proceedings. *See* Pls.' 2d Suppl. Mot. for Att'y Fees Re Appeal at 1, ECF No. 96.

In both motions for attorney's fees, Plaintiffs request fees calculated using hourly rates under the Enhanced *Laffey* Matrix. *See* Pls.' Mem. P. & A. Supp. Mot. for Att'y Fees and Costs at 4, ECF No. 90 [hereinafter "Pls.' 1st Mem. Supp."]; *id.* Ex. 3, ECF No. 90-3; Pls.' Mem. P. & A. Supp. Mot. for Att'y Fees and Costs at 4, ECF No. 96 [hereinafter "Pls.' 2d Mem. Supp."]; *id.* Ex. 3, ECF No. 96-3. Plaintiffs' counsel submitted affidavits cataloguing the number of hours he worked on this case. *See* Pls.' 1st Mem. Supp., Ex. 2, ECF No. 90-2; Pls.' 2d Mem. Supp., Ex. 2, ECF No. 96-2. Defendants oppose Plaintiffs' proposed fees on the grounds that they are unreasonable, claiming: (1) that the Enhanced *Laffey* Matrix does not represent the prevailing

market rates in the relevant community and (2) that Plaintiffs failed to establish that the time expended working on the case was reasonable. *See* Defs.' Mem. P. & A. Opp'n Pls.' Mot. for Att'y Fees and Costs at 3–10, ECF No. 92 [hereinafter "Defs.' 1st Mem. Opp'n"]; Defs.' 2d Mem. Opp'n at 3–7, ECF No. 101. For the reasons set forth below, the Court will grant in part and deny in part Plaintiffs' motions for attorney's fees relating to the appeal.

## II.  LEGAL STANDARD

In a civil rights suit brought under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee." 42 U.S.C. § 1988(b). Plaintiffs may be considered prevailing parties, and thus entitled to attorney's fees, "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Harvey v. Mohammed*, 951 F. Supp. 2d 47, 53 (D.D.C. 2013) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (internal quotation marks and alterations omitted)). A litigant need not succeed at every step of the litigation in order to be a prevailing party for the purpose of § 1988; indeed, "a litigant who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage." *Air Transp. Ass'n of Can. v. F.A.A.*, 156 F.3d 1329, 1335 (D.C. Cir. 1998) (internal quotation marks and citation omitted).

Plaintiffs bear the burden of establishing both their entitlement to attorney's fees and the reasonableness of the fees they seek. *See Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995); *Turner v. D.C. Bd. of Elections & Ethics*, 354 F.3d 890, 895 (D.C. Cir. 2004). A plaintiff can satisfy this burden by submitting evidence of: "the attorneys' billing practices; the attorneys' skill, experience, and reputation; and the prevailing market rates in the relevant community." *Covington*, 57 F.3d at 1107. Once the plaintiff has provided such information, a

presumption arises that the hours billed are reasonable and the burden shifts to the defendant to rebut the plaintiff's showing. *Id.* at 1109–10.

In calculating a reasonable fee award, a district court must determine: (1) a reasonable hourly rate (or "lodestar") for the services rendered by the plaintiffs' attorney, (2) the number of hours reasonably expended on the litigation, and (3) whether plaintiffs have offered specific evidence demonstrating that this is one of the rare cases where a lodestar enhancement or multiplier is appropriate. *See Heller v. District of Columbia*, 832 F. Supp. 2d 32, 38 (D.D.C. 2011); *Covington*, 75 F.3d at 1107.

### III. ANALYSIS

Plaintiffs prevailed on appeal and are therefore entitled to reasonable attorney's fees. *See* 42 U.S.C. § 1988(b); *Hensley*, 461 U.S. at 429. Defendants do not dispute that Plaintiffs are the prevailing party, nor do Plaintiffs argue that they merit a lodestar enhancement or multiplier. *See* Defs' 1st Mem. Opp'n at 1–10; Pls.' 1st Mem. Supp. at 1–5. Therefore, the Court will not address these issues. Defendants argue that Plaintiffs' requested fees are unreasonable because the Enhanced *Laffey* Matrix does not represent prevailing market rates in the relevant community and counsel's time records are not contemporaneous and lack the requisite specificity to establish a reasonable number of hours worked. The Court will address each argument in turn.

#### A. Reasonableness of Hourly Rate

Plaintiffs seek reimbursement for attorney's fees at hourly rates set forth in the "Enhanced" or "Updated" *Laffey* Matrix [hereinafter "Enhanced Matrix"]. *See* Pls.' 1st Mem. Supp. at 4; *id.* Ex. 3 (listing Mr. Lattimer's Enhanced *Laffey* rate ranging from $753 to $771 per hour); Pls.' 2d Mem. Supp. at 4; *id.* Ex. 3 (listing Mr. Lattimer's Enhanced *Laffey* rate ranging from $789 to $796 per hour). Courts in this District customarily apply the *Laffey* Matrix in

determining the "lodestar" reasonable hourly rate for attorney's fees.  *See Laffey v. Nw. Airlines, Inc.*, 572 F. Supp. 354, 371 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *overruled in part on other grounds en banc by Save Our Cumberland Mountains, Inc. v. Hodel (SOCM)*, 857 F.2d 1516 (D.C. Cir. 1988); *Harvey*, 951 F. Supp. 2d at 54–5.

Two versions of the *Laffey* Matrix exist; the "standard" *Laffey* Matrix published by United States Attorney's Office for the District of Columbia [hereinafter "USAO Matrix"], and the Enhanced Matrix calculated using the legal services component of the Consumer Price Index. Defendants rightfully argue that the USAO Matrix is "commonly accepted by judges in this Court."  *See* Defs.' 1st Mem. Opp'n at 2; *see, e.g.*, *Hall v. C.I.A.*, 115 F. Supp. 3d 24, 32 (D.D.C. 2015) (finding that the reasonable hourly rate is guided by the "historic" USAO *Laffey* Matrix)*; Berke v. Fed. Bureau of Prisons*, 942 F. Supp. 2d 71, 77 (D.D.C. 2013) ("[T]he USAO matrix more accurately reflects the prevailing market rates in the Washington, D.C. legal market."); *Heller*, 832 F. Supp. 2d at 45 (using the "widely accepted USAO Matrix"); *Am. Lands All. v. Norton*, 525 F. Supp. 2d 135, 150 (D.D.C. 2007) (referring to the USAO Matrix as the "standard matrix" in this district).  Indeed, Courts in this district have been reluctant to depart from the USAO Matrix "absent a strong showing that such a departure is justified by the nature and complexity of the litigation."  *Am. Lands All.*, 525 F. Supp. 2d at 150.

The law-of-the-case doctrine requires this Court to employ the USAO Matrix—not the Enhanced Matrix—in calculating Plaintiffs' fee award.  Under the law-of-the-case doctrine, "the *same* issue presented a second time in the *same case* in the *same court* should lead to the *same result*."  *Kimberlin v. Quinlan*, 199 F.3d 496, 500 (D.C. Cir. 1999) (quoting *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (en banc).  Thus, "a legal decision made at one stage

of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, governs future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 739 (D.C. Cir. 1995) (alterations omitted) (quoting *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 234, 250 (D.C. Cir. 1987)). This Court previously employed the USAO Matrix in calculating Plaintiffs' fee award after Plaintiffs prevailed at trial. *See* Order on Pls.' Mot. for Att'y Fees and Costs at 1. Although Defendants appealed this award, Plaintiffs did not. Plaintiffs argue in a footnote that the Court should now use the Enhanced Matrix, despite having used the USAO Matrix at the trial level because "that was a much different situation." Pls.' 1st Mem. Supp. at 5 n.2. However, beyond this conclusory statement, Plaintiffs provide no legal or evidentiary support for deviating from the Court's prior conclusion. Because Plaintiffs' prior fee award covered the same market rate determination in part at issue here, and Plaintiffs did not further contest the use of the USAO Matrix in that instance, the law-of-the-case applies and mandates the use of the USAO Matrix to the appellate and *en banc* proceedings.

Even if the law-of-the-case doctrine did not apply, Plaintiffs have provided no evidence that would justify the Court to now depart from the standard USAO Matrix. Plaintiffs note that the Enhanced Matrix "reasonably states the prevailing rates of attorneys of comparable experience," Pls.' 1st Mem. Supp. at 4, but this is not sufficient. Plaintiffs have not explained *why*, if at all, the Enhanced Matrix is superior to the USAO Matrix in this instance. Even if Plaintiffs had claimed that the Enhanced Matrix is more accurate, such a conclusory claim would be insufficient to justify employing that matrix. *See DL v. District of Columbia*, 256 F.R.D. 239, 243 (D.D.C. 2009) (applying the USAO Matrix because "plaintiffs' attorneys in this case have

6

not justified the use of the enhanced *Laffey* matrix by showing the nature and complexity of the work; they simply argue that the enhanced matrix is more accurate").

Moreover, in advocating in favor of the Enhanced Matrix, Plaintiffs rely on case law applying the USAO Matrix, not the Enhanced Matrix. *See Covington v. District of Columbia*, 839 F. Supp. 894, 898 (D.D.C. 1993). *Covington* approved the use of the *Laffey* Matrix, and the Enhanced Matrix was not applied until years later. And when this Court has applied the Enhanced Matrix, for example in *Salazar ex rel. Salazar v. District of Columbia*, 809 F.3d 58 (D.D.C. 2015), it only did so after plaintiffs had submitted "a great deal of evidence regarding prevailing market rates for complex federal litigation," including an affidavit from the economist who developed the Enhanced Matrix, billing rate tables demonstrating the difference between average national law firm rates and both the USAO and Enhanced Matrix rates, and a 2012 National Law Journal Rates Survey. *See* 809 F.3d at 64–65. Unlike the plaintiffs in *Salazar*, Plaintiffs in this case have not submitted any evidence showing that the Enhanced Matrix more accurately reflects the market rate for their counsel's work in this case. Therefore, the Court will continue to award Plaintiffs attorney's fees based on the widely accepted USAO Matrix.

### B. Reasonableness of Hours Worked

This district requires attorneys seeking fees to "maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." *See Heller*, 832 F. Supp. 2d at 50 (quoting *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982)). Here, Plaintiffs' counsel has provided sufficiently detailed contemporaneous records. This Court previously awarded Plaintiffs fees for their trial-level work, amounting to $246,896.25, after concluding that Plaintiffs' records were sufficient. No time was discounted. *See* Pls.' Reply to Defs.' 1st Mem. Opp'n at 4, ECF No. 93. *Compare*

Pls.' Am. Mot. for Att'y Fees and Costs, Ex. 1, ECF No. 77-1 (timekeeping records from trial work), *with* Pls.' 1st Mem. Supp., Ex. 2 (timekeeping records from appellate work), and Pls.' 2d Mem. Supp., Ex. 2 (timekeeping records from *en banc* work). In his current motions, Plaintiffs' counsel has provided similarly detailed and standardized time records, which again suffice to support an award of attorney's fees.

Additionally, the Court concludes that the number of hours Plaintiffs' counsel devoted to work on the appellate and *en banc* matters was reasonable. For example, Defendants' appellate brief cited to fifty-three cases, twelve statutes, one municipal regulation, and one federal rule—all of which Plaintiffs' counsel reviewed. *See* Pls.' Reply to Defs.' 1st Mem. Opp'n at 5. Defendants argue that the hours Plaintiffs' counsel spent drafting a motion for summary affirmance should be discounted because Plaintiffs' motion was ultimately unsuccessful. *See* Defs.' 1st Mem. Opp'n at 7. However, Plaintiffs' motion is not properly viewed as a separate claim, but rather as an initial procedural skirmish that ultimately contributed to Plaintiffs' victory on appeal. The research conducted for the motion for summary affirmance contributed to Plaintiffs' successful appellate brief, as evidenced by the overlap between the two. *See id.* at 8. Because Plaintiffs' motion for summary affirmance was "a necessary step" to their ultimate victory, Plaintiffs are entitled to attorney's fees even for the work performed on the unsuccessful motion. *Air Transp. Ass'n of Can.*, 156 F.3d at 1335. Finally, Defendants argue that the amount of time Plaintiffs' counsel spent working on his appellate brief and his opposition to Defendants' motion for rehearing *en banc* were unreasonable in light of the sparse descriptions Plaintiffs' counsel has provided in his time records. *See* Defs.' 1st Mem. Opp'n at 9; Defs.' 2d Mem. Opp'n at 7. Those records include descriptions such as: "Drafted Appellees' Brief" and "Researched and drafted Response to Petition." Pls.' 1st Mem. Supp., Ex. 2; Pls.' 2d Mem.

8

Supp., Ex. 2.  The Court finds, however, that Plaintiffs' descriptions are sufficient in these circumstances, and will not further dissect Plaintiffs' hours.  Defendants have litigated this case aggressively—including by filing an *en banc* petition and anticipated, forthcoming petition for certiorari in the Supreme Court.  Defendants should not be surprised that Plaintiffs' counsel, a solo-practitioner, has spent a substantial amount of time responding.

### C.  Plaintiffs Should Be Awarded Fees of $103,778.80

Based on the USAO *Laffey* Matrix and the reasonable number of hours Plaintiffs' counsel has worked on this case, Plaintiffs will be awarded attorney's fees of $103,778.80.[1]

### IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' Supplemental Motion for Attorney's Fees and Costs and Plaintiffs' Second Supplemental Motion for Attorney's Fees and Costs shall be **GRANTED IN PART AND DENIED IN PART**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  May 23, 2016                                                                 RUDOLPH CONTRERAS
                                                                                                    United States District Judge

---

[1] This fee amount was calculated using the USAO *Laffey* rates as follows: $7,373 for Mr. Lattimer's legal work between June 1, 2012 and May 31, 2013 (14.6 hours at $505 per hour); plus $54,825 for Mr. Lattimer's legal work between June 1, 2013 and May 31, 2014 (107.5 hours at $510 per hour); plus $28,886 for Mr. Lattimer's legal work between June 1, 2014 and May 31, 2015 (55.55 hours at $520 per hour); plus $12,694.80 for Mr. Lattimer's legal work between June 1, 2015 and May 31, 2016 (22.35 hours at $568 per hour).  Those values yield a total fee award of $103,778.80.